1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11

BRUCE CREAMER,

12

Plaintiff,

13

v.

14

CITY OF TULARE, *et al.*,

15

Defendants.

16

**Case No. 1:15-cv-00916---EPG**

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

17

On June 17, 2015, *pro se* and *in forma pauperis* Plaintiff Bruce Creamer ("Plaintiff") filed

18

a Complaint. (ECF No. 1.) Plaintiff names the following Defendants: City of Tulare, David

19

Macedo, Don Dorman, Jerry Breckinridge, Richard Garcia, James Ussery, Frank Furtaw, Greg

20

Merrill, V. Medina, Walter Gorelick, Roxanne Yoder, Action Towing, Inc., and an unknown

21

number of Doe defendants. The Complaint alleges causes of action including, but not limited to:

22
23
24
25
26
27

42 U.S.C. § 1983 Denial of Rights Under Color of Law, 5th Amendment right to due process of law, Conspiracy, Collusion, Fraud, Obstruction of justice, Abuse of discretion, Tort of outrage, Intentional emotional distress, Breach of fiduciary duty, Fraud by commission, Fraud by omission, Fraud on the court, False imprisonment, Deprivation of rights, Deprivation of Due Process, Breach of Contract, Breach of Faithful Duty, Breach of Professional Duty, Breach of Public Duty, Breach of Law extortion, Mail fraud, Official misconduct, Criminal negligence, Culpable negligence, Criminal solicitation, Schemes to defraud, Asserting false and fictitious claims, Abuse of process, Simulated legal process under color of law, Fraudulent misrepresentation, Misuse of public office by public officers and employees, Constructive fraud, Fraud in the inducement, Racketeering activities, Domestic terrorism as defined by title 5, 18 and 42 U.S.C.

28

and the California Criminal Codes, Assault, Battery, Breach of oath of office,

1
2
3
4
5

Trespass to chattels, Trespass vi et armis (trespass with force of arms), Trespass de bonis asportatis (trespass for goods carried away), Trespasser ab initio, Trespass on the case, Continuing trespass, Permanent trespass, Joint trespass, Intentional tort, Personal tort, Negligence, Complicity and failure to prevent criminal activity, Outrageous conduct, Misprision, Theft of property, Theft of services, Extortion, Coercion, Obstructing of governmental operations, Tampering with governmental records, Interfering with judicial proceedings, Failure to disclose conflict of interest, Intimidating a witness, Tampering with a witness, Terrorist threats.

6

(Complaint ¶ 7, ECF No. 1.)

7

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint

8

to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or

9

malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If

10

the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id.* Leave to

11

amend may be granted to the extent that the deficiencies of the Complaint can be cured by

12

amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

13

**I.      LEGAL STANDARD**

14

A complaint must contain "a short and plain statement of the claim showing that the

15

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

16

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

17

conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

18

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

19

matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

20

at 663, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal

21

conclusions are not. *Id*. at 678.

22

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

23

other federal rights by persons acting under color of state law. *Nurre v. Whitehead,* 580 F.3d

24

1087, 1092 (9th Cir.2009); *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th

25

Cir.2006); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002). Plaintiff's allegations must link

26

the actions or omissions of each named defendant to a violation of his rights; there is no

27

*respondeat superior* liability under section 1983. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo*

28

*County, Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir.2010); *Ewing v. City of Stockton,* 588 F.3d 1218,

2

1   1235 (9th Cir.2009); *Jones,* 297 F.3d at 934. Plaintiff must present factual allegations sufficient to

2   state a plausible claim for relief. *Iqbal,* 556 U.S. at 678–79; *Moss v. U.S. Secret Service,* 572 F.3d

3   962, 969 (9th Cir.2009). The mere possibility of misconduct falls short of meeting this

4   plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss,* 572 F.3d at 969.

5   **II.      DISCUSSION**

6          Plaintiff's Complaint is approximately 138 pages long and alleges violations of at least 15

7   separate federal statutes and a number of state causes of action against no less than 12 different

8   defendants. The Complaint's allegations include various citations to the Uniform Commercial

9   Code, as well as recitations of the elements of various crimes under title 18 of the United States

10  Code. The Complaint also contains a number of factual assertions that appear to relate to a seizure

11  of Plaintiff's property and/or person in April 2014. Plaintiff details events that arose after the

12  alleged seizure, including, for example, a fine that was levied against Plaintiff, a request for

13  public records, the submission of a criminal complaint to the Federal Bureau of Investigation, the

14  Department of Justice, and the Attorney General of the United States, and an apparent attempt by

15  Plaintiff to file suit in Tulare County Superior Court. The text of the Complaint also contains

16  various asides on the nature of the right to privacy in a totalitarian police state. (Complaint ¶¶

17  229-249, ECF No. 1.)

18         As written, the Complaint is so mired in extraneous facts, issues unrelated to this action,

19  legal arguments, legal citations, and unnecessary legalese that it fails to comply with Rule 8(a).

20  Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly

21  and clearly providing the facts supporting the claim so that the Court and Defendants are readily

22  able to understand the claims. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840-41 (9th Cir.

23  2000). Plaintiff's Complaint therefore fails to state claim for which relief may be granted and is

24  dismissed with leave to amend. Although it is not entirely clear which claims form the crux of the

25  Complaint, the Court will provide Plaintiff with the applicable legal standards for a Fourth

26  Amendment excessive force claim and a Fourteenth Amendment procedural due process claim

27  for his information in drafting an amended complaint.

28  ///

1        **A.  Excessive Force**

2        Plaintiff is advised that a claim of excessive force in the course of making an arrest may

3    be brought as a claim under 42 U.S.C. § 1983. This claim is properly analyzed under the Fourth

4    Amendment's objective reasonableness standard. *Scott v. Harris*, 550 U.S. 372, 381 (2007);

5    *Graham v. Connor*, 490 U.S. 386 (1989). This assessment involves determining whether the force

6    was objectively reasonable "in light of the facts and circumstances confronting [the officer],

7    without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. "Determining

8    whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment

9    requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth

10   Amendment interests against the countervailing governmental interests at stake." *Gregory v.*

11   *County of Maui*, 523 F. 3d 1103, 1106 (9th Cir. 2008), *quoting Graham v. Connor*, 490 U.S. at

12   396. The factors the court may consider in this analysis are: 1) "the severity of the crime at issue";

13   2) "whether a suspect poses an immediate threat to the safety of the officer or others"; and 3)

14   whether the suspect "is actively resisting arrest or attempting to evade arrest by flight." *Graham*,

15   490 U.S. at 396; *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) ("[t]hese factors, however,

16   are not exclusive. Rather, we examine the totality of the circumstances and consider 'whatever

17   specific factors may be appropriate in a particular case, whether or not listed in *Graham*'").

18       **B.  Procedural Due Process**

19       "To obtain relief on a procedural due process claim, the plaintiff must establish the

20   existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of

21   the interest by the government; and (3) lack of process.'" *Stamas v. Cnty. of Madera*, 795

22   F.Supp.2d 1047, 1077 (E.D. Cal. 2011), *quoting Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir.

23   2008). "[P]rocedural due process claims do not 'deal with the substance of the challenged

24   decisions, but with the process by which they were reached'." *Id.*, *quoting Halverson v. Skagit*

25   *Cnty.*, 42 F.3d 1257, 1260 (9th Cir. 1994). "The due process clause does not prohibit every

26   deprivation by the state of an individual's property. Only those deprivations carried out without

27   due process are actionable under 42 U.S.C. § 1983." *Halverson*, 42 F.3d at 1260. "'Ordinarily,

28

due process of law requires [notice and] an opportunity for some kind of hearing *prior* to the deprivation of a significant property interest.'" *Id.*

### C.  Leave to Amend

The Court will provide Plaintiff an opportunity to amend the Complaint to address the issues identified above. If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." As a general rule, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Because Rule 8(a) requires a short and plain statement of the claim, twenty-five pages, excluding exhibits, are sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

## III.    ORDER

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if he believes his claims are cognizable. Any amended complaint shall be filed no later than **January 22, 2016**. Failure to file an amended complaint by the date specified will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   __December 23, 2015__          ___/s/ Erica P. Grosjean___
                                        UNITED STATES MAGISTRATE JUDGE