# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE CREAMER,<br><br>           Plaintiff,<br><br>    v.<br><br>CITY OF TULARE, *et al.*,<br><br>           Defendants. | **Case No. 1:15-cv-00916---EPG**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

On June 17, 2015, *pro se* and *in forma pauperis* Plaintiff Bruce Creamer ("Plaintiff") filed a Complaint. (ECF No. 1.) The Complaint was dismissed with leave to amend and Plaintiff filed a First Amended Complaint (the "FAC") on January 11, 2016. (ECF No. 12.) Plaintiff names the following Defendants: City of Tulare, David Macedo, Don Dorman, Jerry Breckinridge, Richard Garcia, James Ussery, Frank Furtaw, Greg Merrill, V. Medina, Walter Gorelick, Roxanne Yoder, Rosa Moreno, Action Towing, Inc., and an unknown number of Doe defendants. The Complaint alleges causes of action including, but not limited to:

> 42 U.S.C. § 1983 Denial of Rights Under Color of Law, 5th Amendment right to due process of law, Conspiracy, Collusion, Fraud, Obstruction of justice, Abuse of discretion, Tort of outrage, Intentional emotional distress, Breach of fiduciary duty, Fraud by commission, Fraud by omission, Fraud on the court, False imprisonment, Deprivation of rights, Deprivation of Due Process, Breach of Contract, Breach of Faithful Duty, Breach of Professional Duty, Breach of Public Duty, Breach of Law extortion, Mail fraud, Official misconduct, Criminal negligence, Culpable negligence, Criminal solicitation, Schemes to defraud, Asserting false and fictitious claims, Abuse of process, Simulated legal process

under color of law, Fraudulent misrepresentation, Misuse of public office by public officers and employees, Constructive fraud, Fraud in the inducement, Racketeering activities, Domestic terrorism as defined by title 5, 18 and 42 U.S.C. and the California Criminal Codes, Assault, Battery, Breach of oath of office, Trespass to chattels, Trespass vi et armis (trespass with force of arms), Trespass de bonis asportatis (trespass for goods carried away), Trespasser ab initio, Trespass on the case, Continuing trespass, Permanent trespass, Joint trespass, Intentional tort, Personal tort, Negligence, Complicity and failure to prevent criminal activity, Outrageous conduct, Misprision, Theft of property, Theft of services, Extortion, Coercion, Obstructing of governmental operations, Tampering with governmental records, Interfering with judicial proceedings, Failure to disclose conflict of interest, Intimidating a witness, Tampering with a witness, and Terrorist threats.

(FAC 3, ECF No. 12.)

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**I.   LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead,* 580 F.3d 1087, 1092 (9th Cir.2009); *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir.2006); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no

2

*respondeat superior* liability under section 1983. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir.2010); *Ewing v. City of Stockton,* 588 F.3d 1218, 1235 (9th Cir.2009); *Jones,* 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. *Iqbal,* 556 U.S. at 678–79; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir.2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss,* 572 F.3d at 969.

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff has narrowed the scope of his original 138 page Complaint to a 22 page FAC that includes a timeline asserting the following facts:

Plaintiff lives on property at 725 W. San Joaquin Avenue in Tulare, California. As part of an unspecified business, Plaintiff stored one or more vehicles on his property. The vehicles appear to have been kept in some state of disrepair. At some point in 2013 or 2014, Defendant James Ussery, a code enforcement officer for the City of Tulare, left his business card on Plaintiff's door with a note asking Plaintiff to contact him. On January 13, 2014, Plaintiff received a Notice of Violation of Tulare Municipal Code § 7.28.030, which declares it a nuisance for any person to maintain (or fail to maintain) property under an enumerated list of conditions. The Notice was issued by Defendant Richard Garcia and informed Plaintiff that he had ten days to remedy his violation.

On January 26, 2014, Plaintiff received a letter from Defendant Garcia informing Plaintiff that he had been cited by Defendant Richard Garcia for violating Tulare Municipal Code § 7.28.030(P)(5)(d), which requires that: "Abandoned, dismantled, wrecked, inoperative vehicles, or parts thereof, on private property shall be stored in a completely enclosed building or structure." On January 29, 2014, Plaintiff sent a letter to Defendant Don Dorman, the Tulare city manager, in which he requested a hearing regarding the citation. Two weeks later, on February 13, 2014, Plaintiff received two letters from the Tulare Police Department, which informed him of their intent to abate the nuisance under Tulare Municipal Code § 4.36.010 *et seq.*, which defines the removal procedure for abandoned, wrecked, dismantled, or inoperative vehicles. On

February 18, 2014, Plaintiff delivered a letter to the police department, apparently challenging their authority under the Municipal Code to proceed. It is unclear whether Plaintiff ever received the hearing he requested.

On April 18, 2014, at least three officers from the Tulare Police Department arrived at Plaintiff's address, placed him in handcuffs, and towed his vehicle(s) away with the assistance of Defendant Action Towing Inc. The officers produced a search warrant and proceeded to search Plaintiff's house, his garage, and a shed outside his house. Plaintiff contends that the warrant did not authorize a search of this breadth. They also informed him that he would need to vacate the premises. On April 22, 2014, the police department mailed Plaintiff receipts for the property that had been confiscated, although Plaintiff contends that not all property was named or included. On April 28, 2014, Plaintiff received a notice from Defendant Action Towing Inc. regarding the placement of a lien on his vehicle(s). Plaintiff returned the form, along with a statement that Action Towing owed him a number of fees, including a $1,400 per week rental fee for holding each of his vehicles and a $75,000 per vehicle charge if any of his property could not be returned.

On May 9, 2014, Plaintiff filed a notice of tort claim with the city clerk. On June 13, 2014, Plaintiff sent Defendant Frank Furtaw, a code enforcement officer, an email requesting unspecified information, but received an automated out of office reply. On July 11, 2014, Plaintiff again sent an email to Defendant Furtaw, but received a reply stating that Furtaw was no longer assigned to code enforcement. Plaintiff sent Furtaw another email informing him that that he would be named in Plaintiff's lawsuit. On July 20, 2014, Plaintiff received a letter from Defendant Garcia referring him to Tulare County Superior Court for an unspecified reason.

On July 30, 2014, Plaintiff emailed Defendant Roxanne Yoder, a city clerk, regarding information on how to sue the city. The next day, Lori Heeszel, a different city clerk, responded to Plaintiff. On December 23, 2014, an unknown Tulare police officer walked onto Plaintiff's property. Plaintiff asked him to leave, but the officer "stood in defiance" and did not leave. It is unclear what resolved this encounter. Over the next four months, Plaintiff sought various avenues to investigate the Tulare Police Department, first by filing a police report with the Tulare

Police Department and later by calling FBI headquarters.  Finally, Plaintiff filed the Complaint on June 12, 2015.

Plaintiff does not explain what role Defendants David Macedo, Jerry Breckinridge, Greg Merrill, V. Medina, Walter Gorelick, or Rosa Moreno played, if any, in his allegations.  Because Plaintiff has not linked the actions or omissions of each of these Defendants to the violation of his rights, he will be given leave to file an amended complaint that more clearly explains what conduct each Defendant is responsible for.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation.").

Although the FAC contains references to a variety of state and federal claims (including, for example, a breach of contract stemming from Defendants' asserted "breach" of the United States Constitution), Plaintiff isolates five separate federal causes of action interlaced with various references to case law, California state law, and Title 18 of the United States Code. Because Plaintiff will be given leave to amend the FAC to more clearly state the role each Defendant played in these claims, the Court will provide Plaintiff with a brief analysis of his claims under each of these causes of action.

**B. First Cause of Action: 42 U.S.C. § 1981**

Section 1981 is intended to "forbid all racial discrimination in the making of private as well as public contracts." *Martinez v. Oakland Scavenger Co.*, 680 F.Supp. 1377, 1388 (N.D. Cal. 1987). A claim under § 1981 thus requires a plaintiff to "show intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). Section 1981 can only be violated by purposeful discrimination. *General Bld. Contractor's Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Evans*, 869 F.2d at 1344. "[O]vert acts coupled with some direct evidence that the defendants' conduct was motivated by racial animus" are sufficient to survive dismissal at the pleading stage of litigation. *Evans*, 869 F.2d at 1345, *citing Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Nothing in the FAC indicates that any of the Defendants were motivated by racial animus. Plaintiff has thus failed to state a claim under § 1981.

5

**C. Second Cause of Action: 42 U.S.C. § 1982**

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. The section "represents an immediately post-Civil War legislative effort to guarantee the then newly freed slaves the same legal rights that other citizens enjoy." *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 448 (2008). As a result, § 1982, like § 1981, is "limited to instances of racial discrimination." *Arnold v. Tiffany*, 359 F.Supp. 1034, 1035 (C.D. Cal. 1973). Plaintiff does not allege any facts demonstrating that any of his property was taken because of his race. Plaintiff has therefore failed to state a claim under § 1982. *Shipley v. Orndoff*, 491 F.Supp.2d 498, 506 (D. Del. 2007) (no claim under § 1982 where Plaintiff alleged that county code enforcement officer had towed his car, but did not demonstrate that the towing occurred because of his race).

**D. Third Cause of Action: 42 U.S.C. § 1983**

To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). ***Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.*** *Iqbal*, 556 U.S. at 677 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). The complaint must allege that every defendant also acted with the requisite state of mind to violate underlying constitutional provision. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012). Plaintiff alleges at least two potential § 1983 claims.

    ***i. Illegal search and seizure***

"A warrant cannot pass constitutional muster if the scope of the related search or seizure exceeds that permitted by the terms of the validly issued warrant." *Pacific Marine Center, Inc. v. Silva*, 809 F.Supp.2d 1266, 1280 (E.D. Cal. 2011), *quoting Al-Kidd v. Ashcroft*, 598 F.3d 1123,

1134 n. 3 (9th Cir. 2010). "A valid warrant must describe particularly the places that officers may search and the types of items that they may seize. This requirement exists to 'prevent[ ] general, exploratory searches and indiscriminate rummaging through a person's belongings.'" *Dawson v. City of Seattle*, 435 F.3d 1054, 1064 (9th Cir. 2006).

In this instance, Plaintiff has alleged that a search was conducted of his residence, his garage, and a shed on his property that exceeded the scope of the warrant he was shown by defendants. Plaintiff has not identified which officers were involved in the search, although Defendant Garcia appears to be the officer who cited Plaintiff and was involved in the abatement action.[1] Plaintiff also plausibly alleged that the defendant officers were acting under color of state law when they conducted the search. *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) ("State employment is generally sufficient to render the defendant a state actor"), *quoting West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has thus plausibly pleaded a claim under § 1983 against the defendant officers in their personal capacities. Plaintiff is advised, however, that to state a claim against the defendant officers in their official capacities (or, alternatively, against the City of Tulare), he must also allege "that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

### ii. Procedural due process

"To obtain relief on a procedural due process claim, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.'" *Stamas v. Cnty. of Madera*, 795 F.Supp.2d 1047, 1077 (E.D. Cal. 2011), *quoting Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008). "[P]rocedural due process claims do not 'deal with the substance of the challenged

---

[1] The Court notes that Plaintiff has named a number of defendants but has not explained how they are involved in the alleged constitutional violations. In amending his complaint, Plaintiff should explain how each defendant participated in the deprivation of his rights.

decisions, but with the process by which they were reached'." *Id.*, *quoting Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1260 (9th Cir. 1994). "The due process clause does not prohibit every deprivation by the state of an individual's property. Only those deprivations carried out without due process are actionable under 42 U.S.C. § 1983." *Halverson*, 42 F.3d at 1260. "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing *prior* to the deprivation of a significant property interest.'" *Id.*

Plaintiff alleges that his property, in the form of the vehicles he kept on his property, was seized by City of Tulare police officers. Although the city appears to have provided him advance notice that it would be seizing his property, Plaintiff also alleges that he requested a hearing before the seizure occurred. It is unclear whether Plaintiff ever received such a hearing. As such, Plaintiff may have alleged a claim for a procedural due process violation under § 1983. As with his illegal search and seizure claim, however, Plaintiff may need to plead further allegations before he can state a claim against the City of Tulare.

### E. Fourth Cause of Action: 42 U.S.C. § 1985

An action under § 1985 requires a plaintiff to allege: "(1) a conspiracy, (2) to deprive any person or a class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980), *citing Griffin v. Breckenridge*, 403 U.S. 88 (1971). Section 1985, which was originally enacted during Reconstruction, has been roundly interpreted to require proof of some "invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). In other words, because the claim requires a defendant to deprive the plaintiff of the "equal protection of the laws," a plaintiff must also "demonstrate a deprivation . . . motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992), *quoting Griffin*, 403 U.S. at 102. The FAC does not allege any basis or evidence of discriminatory animus.[2]

---

[2] To the extent Plaintiff is seeking liability based on 18 U.S.C. §§ 241, 242 (or other provisions of the criminal code),

8

**F. Fifth Cause of Action: 42 U.S.C. § 1986**

"Liability under § 1986 is derivative of § 1985 liability, *i.e.,* there can be no violation of § 1986 without a violation of § 1985." *Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of New York, Inc.*, 968 F.2d 286, 292 (2d Cir. 1992); *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1405 (N.D. Cal. 1997), *aff'd*, 237 F.3d 1026 (9th Cir. 2001) ("A claim exists under section 1986 'only if the complaint contains a valid claim under § 1985.'"). Unless Plaintiff can plausibly plead a cause of action under § 1985, there can be no cause of action under § 1986.

**G. Leave to Amend**

The Court will provide Plaintiff an opportunity to amend the Complaint to address the issues identified above. If Plaintiff chooses to file a Second Amended Complaint, it must bear the docket number assigned in this case and be labeled "Second Amended Complaint." As a general rule, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Because Rule 8(a) requires a short and plain statement of the claim, twenty-five pages, excluding exhibits, are sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

Plaintiff is advised that he need not include extensive citations to case law in his amended complaint; he need only provide a clear and concise recitation of the facts that explains what wrongful conduct each named defendant engaged in. Plaintiff should carefully consider which Defendants were actually involved in the sequence of events he alleges, as he can only pursue relief against those specific individuals. Plaintiff should also review the Court's analysis with

---

Plaintiff is advised that these sections "provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

respect to his asserted claims and should only allege causes of action for which he believes that he may plausibly state a claim.

### III.  ORDER

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if he believes his claims are cognizable. Any amended complaint shall be filed no later than **June 6, 2016**.

Failure to file an amended complaint by the date specified will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **May 5, 2016**                          /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE