**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRUCE CREAMER,<br><br>              Plaintiff,<br><br>    v.<br><br>CITY OF TULARE, *et al.*,<br><br>              Defendants. | No. 1:15-cv-00916-DAD-EPG<br><br>ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(Doc. Nos. 14 and 15.) |

       Plaintiff Bruce Creamer, appearing *pro se* and *in forma pauperis*, commenced this civil rights action on June 17, 2015. (Doc. No. 1.) On December 23, 2015, plaintiff's original complaint was screened pursuant to 28 U.S.C. § 1915(e)(2) and dismissed with leave to amend. (Doc. No. 11.) Plaintiff then filed an amended complaint that was again screened and dismissed with leave to amend. (Doc. Nos. 12 and 13.)

       On May 16, 2016, plaintiff filed the operative second amended complaint ("SAC") naming the following defendants: City of Tulare, current/former pro term mayor David Macedo, city manager Don Dorman, chief of police Jerry Breckinridge, officer Richard Garcia, officer James Ussery, officer Frank Furtaw, officer Greg Merrill, officer V. Medina, Tulare County Superior Court Judge Walter Gorelick, chief deputy city clerk Roxanne Yoder, officer Rosa Moreno, Action Towing, Inc., United States Magistrate Judge Erica Grosjean, and an unknown number of Doe defendants. (Doc. No. 15.) Although plaintiff lists therein a litany of potential

state and federal claims, his SAC appears to focus on three claims alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986. (*Id.*) The court has reviewed the SAC and concludes that plaintiff has again failed to state a cognizable claim against any of the defendants in this action.[1]

**I. Pleading Standard**

Under 28 U.S.C. § 1915(e)(2), the court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the court determines that the complaint fails to state a claim, it must be dismissed. *Id.*

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8 and detailed factual allegations are not required, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

---

[1] Notably, plaintiff has twice received direction from this court regarding the deficiencies reflected in his complaints. Nonetheless, plaintiff's second amended complaint is largely identical to previously filed complaints.

*Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, while factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Finally, pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*). *See also Erickson*, 551 U.S. at 94.

## II.     Plaintiff's Allegations

Plaintiff has included a timeline in his SAC, almost identical to that set forth in his prior complaints, in which he alleges the following.

Plaintiff lives on property at 725 W. San Joaquin Avenue in Tulare, California. As part of an unspecified business, plaintiff stored one or more vehicles on his property. The vehicles appear to have been kept in some state of disrepair. At some point in 2013 or 2014, defendant James Ussery, a code enforcement officer for the City of Tulare, left his business card on plaintiff's door with a note asking plaintiff to contact him. On January 13, 2014, plaintiff received a Notice of Violation of Tulare Municipal Code § 7.28.030, which declares it a nuisance for any person to maintain (or fail to maintain) property under an enumerated list of conditions. The Notice was issued by defendant Richard Garcia and informed plaintiff that he had ten days to remedy the violation.

On January 26, 2014, plaintiff received a letter from defendant Garcia informing plaintiff that he had been cited for violating Tulare Municipal Code § 7.28.030(P)(5)(d), which requires that: "Abandoned, dismantled, wrecked, inoperative vehicles, or parts thereof, on private property shall be stored in a completely enclosed building or structure." On January 29, 2014, plaintiff sent a letter to the "city manager" in which plaintiff he requested a hearing on the citation.[2] Two weeks later, on February 13, 2014, plaintiff received two letters from the Tulare Police Department informing him of the department's intent to abate the nuisance under Tulare

---

[2] It is ambiguous from the allegations of the SAC whether plaintiff received the hearing he requested.

3

Municipal Code § 4.36.010 *et seq.*, which defines the removal procedure for abandoned, wrecked, dismantled, or inoperative vehicles. On February 18, 2014, plaintiff delivered a letter to the police department, apparently challenging their authority under the Municipal Code to proceed in the manner indicated by their letters. On April 18, 2014, at least three Tulare Police Department officers arrived at plaintiff's address. They handcuffed plaintiff and towed his vehicle(s) away with the assistance of defendant Action Towing Inc. The officers also produced a search warrant pursuant to which they searched plaintiff's house, his garage, and a shed outside his house. Plaintiff generally contends that the warrant did not authorize a search of this breadth. The officers also informed plaintiff that he would need to vacate the premises. On April 22, 2014, the police department mailed plaintiff receipts for the property that had been seized, although plaintiff contends that not all the property seized was reflected on those receipts. On April 28, 2014, plaintiff received a notice from defendant Action Towing Inc. regarding the placement of a lien on his vehicle(s). Plaintiff returned the form, along with a statement in which plaintiff alleged that Action Towing Inc. owed him a number of fees, including a $1,400 per week rental fee for holding each of his vehicles and a $75,000 per vehicle charge if any of his property could not be returned.

On May 9, 2014, plaintiff filed a notice of tort claim with the City Clerk for Tulare. On June 13, 2014, plaintiff sent defendant code enforcement officer Frank Furtaw an email requesting unspecified information, but received an automated "out of office" reply. On July 11, 2014, plaintiff again sent an email to defendant Furtaw, but received a reply stating that Furtaw was no longer assigned to code enforcement. Plaintiff sent Furtaw another email informing him that he would be named in plaintiff's lawsuit. On July 20, 2014, plaintiff received a letter from defendant Garcia referring him to the Tulare County Superior Court.

On July 30, 2014, plaintiff emailed defendant city clerk Roxanne Yoder regarding information on how to sue the city. The next day, Lori Heeszel, a different city clerk, responded. On December 23, 2014, an unknown police officer walked onto plaintiff's property. Plaintiff asked him to leave, but the officer did not do so. Over the following four months, plaintiff attempted to investigate the Tulare Police Department, first by filing a police report with the

Tulare Police Department and later by calling the FBI.  Plaintiff filed his original complaint in this court on June 12, 2015.

### III.    Discussion

#### A. First Claim: 42 U.S.C. § 1983

As plaintiff has previously been advised, to state a cognizable claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  *See also Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980) (a plaintiff in a civil rights action must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.) Plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  *Iqbal*, 556 U.S. at 677 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection alleged between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1975); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations, such as those made by plaintiff in his complaints thus far, are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Finally, to state such a claim the complaint must allege that every defendant also acted with the requisite state of mind to violate the underlying constitutional provision.  *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012).

Below, the court will once again address the deficiencies of plaintiff's operative complaint, several of which clearly cannot be cured by any further amendment.

/////

/////

**1. Defendant Magistrate Judge**

In his latest complaint, plaintiff has elected to name as a defendant the magistrate judge assigned to this action. "It is well settled that judges are generally immune from civil liability under section 1983." *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (*citing Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). Thus, "a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [her]self." Bradley v. Fisher, 80 U.S. 335, 347 (1871). Accordingly, judges are immune from liability for damages for acts committed within their judicial discretion. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). This absolute immunity applies for judicial acts even when a judge is accused of acting maliciously and corruptly. *Id.* at 554.

Here, plaintiff's sole allegation in his SAC against the magistrate judge assigned to this action is that the court's May 5, 2016 screening order dismissing his complaint with leave to amend violated plaintiff's right to freedom of speech. (Doc. No. 15 at 22.) Issuing a screening order such as the one entered in this action on May 5, 2016, is clearly a judicial act. The issuance of such an order by the court cannot subject the judicial officer to liability. Accordingly, plaintiff has obviously failed in his SAC to state any cognizable claim against U.S. Magistrate Judge Grosjean and all such claims are dismissed. Moreover, since amendment of those claims would obviously be futile, the dismissal in this regard will be with prejudice.

**2. Defendant Officers and City Officials in their Official Capacities**

As plaintiff has previously been advised, to state a cognizable claim against the defendant officers in their official capacities or, alternatively, against the City of Tulare, he must allege "that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" (Doc. No. 13 at 7) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th

/////

/////

Cir. 2008).[3]

In his SAC plaintiff once again fails to allege any facts explaining what role defendants David Macedo, Don Dorman, Superior Court Judge Walter Gorelick[4], Roxanne Yoder (collectively, the "city officials"), Jerry Breckinridge, Greg Merrill, V. Medina, Rosa Moreno, James Ussery, Richard Garcia (collectively, the "officers") played, if any, in the alleged violation of his constitutional rights. (*See* Doc. No. 13 at 5) (advising plaintiff that he had failed to explain the role the defendants had played with respect to his allegations). Instead, plaintiff merely alleges the city employees conspired to file and serve an ordinance violation form. (Doc. Nos 13 at 5; 15 at 7.)

It is true that plaintiff has alleged that defendant Richard Garcia was the officer who cited him and was involved in the abatement action. (See Doc. No. 15 at 18.) However, such conclusory allegations are not sufficient to state a cognizable claim. The allegations of the SAC fail to link the acts of any of these named defendants to the alleged constitutional violations. Nor does the SAC allege that these defendants acted with the requisite state of mind to violate plaintiff's constitutional rights. Moreover, in his SAC plaintiff has failed to allege that the claimed constitutional violations resulting from the actions of any of these defendants, including the City of Tulare, were part of a "longstanding practice or custom," were acts which represented an official policy, or were carried out by an official who ratified the decision of a subordinate.

Accordingly, all of plaintiff's claims against defendants the City of Tulare, David Macedo, Don Dorman, Superior Court Judge Walter Gorelick, Roxanne Yoder, Jerry Breckinridge, Greg Merrill, V. Medina, Rosa Moreno, James Ussery, and Richard Garcia in their official capacity will be dismissed.

/////

/////

---

[3] *See also Ulrich v. City and Cnty. of S.F.*, 308 F.3d 968, 984-85 (9th Cir. 2002).

[4] In addition, plaintiff's allegations again Superior Court Judge Gorelick are based solely on the judge's performance of his judicial duties. For the same reasons noted above, Judge Gorelick enjoys absolute immunity with respect to his judicial acts and no cognizable claim can be stated against him in this regard.

### 3. Defendant Officers and City Officials in their Individual Capacities

In his SAC plaintiff has alleged at least two potential § 1983 claims against the defendant officers and city officials in their individual capacities. Those potential claims are addressed below.

#### *i.  Illegal search and seizure*

"A warrant cannot pass constitutional muster if the scope of the related search or seizure exceeds that permitted by the terms of the validly issued warrant." *Pac. Marine Center, Inc. v. Silva*, 809 F. Supp. 2d 1266, 1280 (E.D. Cal. 2011) (quoting *Al-Kidd v. Ashcroft*, 598 F.3d 1123, 1134 n.3 (9th Cir. 2010)). "A valid warrant must describe particularly the places that officers may search and the types of items that they may seize." *Dawson v. City of Seattle*, 435 F.3d 1054, 1064 (9th Cir. 2006). "This requirement exists to prevent[ ] general, exploratory searches and indiscriminate rummaging through a person's belongings." *Id.* (quoting *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986) (internal quotations omitted).

Here, plaintiff alleges in his SAC that, on April 18, 2014, "no less than 5 City agents" entered his property to execute the warrant in question and seize property. (Doc. No. 15 at 17.) Specifically, plaintiff alleges "they gave a questionable unlawful search warrant dated Apr. 11th, 2014, after they were finished which they breached the boundary by searching inside of home and breaking into garage and into shed of posted property then handed Plaintiff the warrant." (Doc. No. 15, at 17.) Plaintiff plausibly alleges that the defendant officers were acting under color of state law when they conducted the search. *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) ("State employment is generally sufficient to render the defendant a state actor") (quoting *West*, 487 U.S. at 48). While plaintiff has attached numerous exhibits to his complaint, he has not included the search warrant in question. More importantly, as noted in the court's prior screening order, "[p]laintiff has [again] not identified which officers were involved in the search." (Doc. No. 13, at 7) The court specifically advised plaintiff in its prior order that "Plaintiff has named a number of defendants but has not explained how they are involved in the alleged constitutional violations. In amending his complaint, Plaintiff should explain how each defendant participated in the deprivation of his rights." (*Id*. at 7.) Despite being directed to do so, plaintiff has failed to

8

allege which of the defendant officers were involved in the search or how each defendant officer participated in the alleged unlawful search. Accordingly, plaintiff has failed to plead a plausible Fourth Amendment claim under § 1983 against any of the defendants in their individual capacities.

### ii. *Procedural due process*

"To obtain relief on a procedural due process claim, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.'" *Stamas v. Cnty. of Madera*, 795 F. Supp. 2d 1047, 1077 (E.D. Cal. 2011) (quoting *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008)). "[P]rocedural due process claims do not 'deal with the substance of the challenged decisions, but with the process by which they were reached'." *Id.* (quoting *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1260 (9th Cir. 1994)). "The due process clause does not prohibit every deprivation by the state of an individual's property. Only those deprivations carried out without due process are actionable under 42 U.S.C. § 1983." *Halverson*, 42 F.3d at 1260. "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing *prior* to the deprivation of a significant property interest.'" *Id.*

In his SAC plaintiff alleges that his property, specifically including the vehicles he kept on his property, was seized by City of Tulare police officers. Although according to the allegations of the SAC the "city manager" appears to have provided plaintiff advance notice that his property would be seized, plaintiff alleges "Inside Rebuttal was their Hearing Request form. Which Plaintiff Requested to be heard in a State or County Court. . . . Which was denied to me." (Doc. No. 15, at 17.) Thus, plaintiff alleges that he requested a hearing and it appears that he may be alleging that this request for a hearing was denied. Plaintiff's allegations in this regard are, however, vague and insufficient despite the fact that the prior screening order specifically advised him that "[i]n amending his complaint, Plaintiff should explain how each defendant participated in the deprivation of his rights." (*Id.* at 7.) Plaintiff has simply not done so.

/////

/////

### 4. Remaining Defendants

Plaintiff has named several additional individuals as defendants in the caption of his SAC. However, in order to state a claim against these individuals plaintiff must allege facts demonstrating that each of these defendants personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 677. The complaint must be clear as to whom plaintiffs are suing for what wrongs. *McHenry v. Renne,* 84 F.3d 1172, 1176 (9th Cir. 1996). A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *Id.* at 1180. Here, for instance, plaintiff has identified Action Towing Inc., John Doe contractor, and John Doe truck driver in the heading of his SAC, but does not allege any facts in the body of the SAC tying any of these individuals or entities to any constitutional violation alleged. In the total absence of any factual allegations to tie these potential defendants to any wrongdoing alleged, the court must dismiss plaintiff's claims against these remaining potential defendants identifies in the caption of the SAC.

The court notes that plaintiff was previously advised that he should "carefully consider which [d]efendants were actually involved in the sequence of events he alleges, as he can only pursue relief against those specific individuals." (Doc. No. 13 at 9.) In identifying these additional individuals and entities in the caption of the SAC with no factual allegations relating to them in the body of the SAC, plaintiff has ignored the direction provided by the court.

### B. Second Claim: 42 U.S.C. § 1985

As plaintiff has also been previously advised, an action under § 1985 requires a plaintiff to allege: "(1) a conspiracy, (2) to deprive any person or a class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." (Doc. No. 13 at 8) (*quoting Gillespie*, 629 F.2d at 641 *and citing Griffin v. Breckenridge*, 403 U.S. 88 (1971)). Section 1985, which was originally enacted during Reconstruction, has been roundly interpreted to require allegations and proof of some "invidiously discriminatory animus." *Griffin*, 403 U.S. at 102. In other words, because the claim requires a defendant to deprive the plaintiff of the

10

"equal protection of the laws," a plaintiff must also allege and "demonstrate a deprivation . . . motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffin*, 403 U.S. at 102).

Here, plaintiff's SAC does not allege any discriminatory animus nor does it suggest any basis for such an allegation. As such, the second claim of the SAC is subject to dismissal. Because plaintiff has been previously advised of the deficiencies with the allegations made support of this claim and has been unable to cure them, the claim will be dismissed with prejudice.

### C. Third Claim: 42 U.S.C. § 1986

Likewise, plaintiff has been previously advised, "[l]iability under § 1986 is derivative of § 1985 liability, *i.e.,* there can be no violation of § 1986 without a violation of § 1985." (Doc. No. 13 at 9) (*quoting Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of N.Y., Inc.*, 968 F.2d 286, 292 (2nd Cir. 1992) *and citing Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1405 (N.D. Cal. 1997), *aff'd*, 237 F.3d 1026 (9th Cir. 2001) ("A claim exists under section 1986 'only if the complaint contains a valid claim under § 1985.'"). In his SAC plaintiff has again failed to adequately plead a cause of action under § 1985, and thus there can be no cognizable claim brought under § 1986. Accordingly, the third cause of action of plaintiff's SAC is also subject to dismissal. Again, because plaintiff has failed to cure the noted deficiencies of his complaint with respect to this claim, granting further leave to amend would be futile. Therefore, the dismissal of this claim is with prejudice.

### IV.    Leave To Amend

The undersigned has carefully considered whether plaintiff could amend his SAC to remedy the defects noted above with respect to the § 1983 claims against the defendant officers and city officials. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir.1988). *See also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that while leave to amend shall be freely given, the

court does not have to allow futile amendments). Here, plaintiff has twice been advised by the court in screening orders of the deficiencies of his allegations. (Doc. Nos. 11 at 3–5; 13 at 5.) In addition, plaintiff has been provided guidance by the court in those orders as to what was required to cure the noted deficiencies. (*Id*.) He has failed to correct those deficiencies despite being provided two opportunities to do so. Moreover, the SAC before the court now is essentially the same as the complaint addressed by the court in the prior screening orders. (Doc. Nos. 12 and 15.) On the other hand, the court must proceed with caution in denying pro se litigants leave to amend where it is possible that the deficiencies of the complaint can be cured by amendment. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).[5]

Accordingly, and out of an abundance of caution, the court will grant plaintiff one final opportunity to amend his complaint only with respect to his claims brought under 42 U.S.C. § 1983[6] and in keeping with the direction provided by this order.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint plaintiff elects to file, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

---

[5] It appears at least conceivable that plaintiff may be capable of alleging § 1983 claims based upon overbroad execution of a warrant, denial of due process and perhaps other cognizable claims.

[6] The court has determined that plaintiff's claims against U.S. Magistrate Judge Erica Grosjean and Tulare County Superior Court Judge Walter Gorelick as well as his claims brought pursuant to 42 U.S.C. §§ 1985 and 1986 are fatally deficient and the granting of leave to amend with respect to those claims would be futile. Accordingly, if he elects to pursue this matter by filing a Third Amended Complaint, plaintiff is specifically directed not include those claims and defendants in that complaint.

**V.	Plaintiff's Conduct In Connection With This Action**

As a pro se litigant, plaintiff is nonetheless required to comply with the Federal Rules of Civil Procedure and the Local Rules of this court.[7]  Plaintiff has filed voluminous and repetitive documents with this court which are not proper pleadings.  (Doc. Nos. 19-23.)  Any unauthorized filings submitted in the future by plaintiff will be disregarded.  In addition, the court advises plaintiff that statements made in his pleadings, such as those suggesting citizen's arrests in connection with his allegations, may be perceived as threatening and will not be condoned by the court.  Plaintiff is directed to cease making such statements in his filings and to comply with the orders of this court.  Any failure to do so may result in the imposition of sanctions, including the dismissal of this action.

**VI.	Conclusion**

For all of the reasons set forth above:

1. Plaintiff's claims against defendant Magistrate Judge Erica Grosjean are dismissed with prejudice and without leave to amend;

2. Plaintiff's claims against named defendant Tulare County Superior Court Judge Walter Gorelick are dismissed with prejudice and without leave to amend;

3. Plaintiff's claims brought pursuant to 42 U.S.C. § 1985 are dismissed with prejudice and without leave to amend;

4. Plaintiff's claims brought under 42 U.S.C. § 1986 are dismissed with prejudice and without leave to amend;

5. Plaintiff's remaining claims brought under 42 U.S.C. § 1983 are dismissed with leave to amend;

6. If plaintiff wishes to continue to pursue this action, he must file a Third Amended Complaint within 21 days of the date of this order;

---

[7] The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.  Forms are also available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

7.  Plaintiff's motion to amend the complaint (Doc. No. 14) is denied as moot; and

8.  Plaintiff shall not file any additional unauthorized pleadings in this action.

IT IS SO ORDERED.

Dated: __**August 29, 2016**__   _____
UNITED STATES DISTRICT JUDGE