UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE CREAMER,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF TULARE, *et al.*,<br><br>        Defendants. | No. 1:15-cv-00916-DAD-EPG<br><br>ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT AND DIRECTING THE CLERK OF THE COURT TO CLOSE THE CASE<br><br>(Doc. Nos. 24 and 25.) |

    Plaintiff Bruce Creamer, appearing *pro se* and *in forma pauperis*, commenced this civil rights action on June 17, 2015. (Doc. No. 1.) On December 23, 2015, plaintiff's original complaint was screened pursuant to 28 U.S.C. § 1915(e)(2) and dismissed with leave to amend. (Doc. No. 11.) Plaintiff then filed an amended complaint which was again screened and also dismissed with leave to amend granted. (Doc. Nos. 12 and 13.) Thereafter, plaintiff filed a second amended complaint. (Doc. No. 15.) The court screened the second amended complaint and dismissed all claims brought therein by plaintiff against defendants Magistrate Judge Erica Grosjean and Tulare County Superior Court Judge Walter Gorelick with prejudice and without leave to amend. (Doc. No. 23 at 23.) In addition, the court also dismissed all claims brought by plaintiff pursuant to 42 U.S.C. §§ 1985 and 1986 with prejudice and without leave to amend. (*Id*.) However, in dismissing the remaining claim brought by plaintiff under 42 U.S.C. § 1983 the court again granted leave to amend. (*Id*.) In doing so, however, the undersigned made clear that

1

plaintiff was being granted "one final opportunity to amend his complaint only with respect to his claims brought under 42 U.S.C. § 1983 and in keeping with the direction provided by this order." (*Id*. at 12.)

On September 21, 2016, plaintiff filed a third amended complaint ("TAC") naming the following defendants: City of Tulare, current/former pro term mayor David Macedo, city manager Don Dorman, chief of police Jerry Breckinridge, officer Richard Garcia, officer James Ussery, officer Frank Furtaw, officer Greg Merrill, officer V. Medina, chief deputy city clerk Roxanne Yoder, officer Rosa Moreno, Action Towing, Inc., unnamed Doe contractor, and an unknown number of Doe defendants. (Doc. No. 24 at 1.) In his TAC, plaintiff alleges that the named defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. (*Id*. at 2.) The court has reviewed the TAC and concludes, for the reasons explained below, that plaintiff has again failed to state a cognizable claim against any of the defendants named in this action.[1]

**I. Pleading Standard**

Under 28 U.S.C. § 1915(e)(2), the court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the court determines that the complaint fails to state a claim, it must be dismissed. *Id.*

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8 and detailed factual allegations are not required, its allegations must also include the specificity

---

[1] Notably, on three prior occasions plaintiff has received direction from this court regarding the deficiencies reflected in his previously filed complaints. Nonetheless, the allegations of plaintiff's third amended complaint are largely identical to those set forth in his previously filed complaints.

required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, while factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Finally, pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*). *See also Erickson*, 551 U.S. at 94.

**II.     Plaintiff's Allegations**

Plaintiff has included a timeline in his TAC, with largely identical allegations to those set forth in his prior complaints, in which he alleges the following. Plaintiff lives on property at 725 W. San Joaquin Avenue in Tulare, California. As part of an unspecified business, plaintiff stored one or more vehicles on his property. The vehicles appear to have been kept in some state of disrepair. At some point in 2013 or 2014, defendant James Ussery, a code enforcement officer for the City of Tulare, left his business card on plaintiff's door with a note asking plaintiff to contact him. On January 13, 2014, plaintiff received a Notice of Violation of Tulare Municipal Code § 7.28.030, which declares it a nuisance for any person to maintain (or fail to maintain) property under an enumerated list of conditions. The Notice was issued by defendant Richard Garcia and informed plaintiff that he had ten days to remedy the violation.

On January 26, 2014, plaintiff received a letter from defendant Garcia informing plaintiff that he had been cited for violating Tulare Municipal Code § 7.28.030(P)(5)(d), which requires that: "Abandoned, dismantled, wrecked, inoperative vehicles, or parts thereof, on private property shall be stored in a completely enclosed building or structure." On January 29, 2014, plaintiff sent a letter to the "City manager" in which he requested a hearing on the citation. (Doc. No. 24 at 6-7.) According to plaintiff, "defendant(s)" denied his request for a court hearing. (*Id.* at 7.) Two weeks later, on February 13, 2014, plaintiff received two letters from the Tulare Police Department informing him of the department's intent to abate the nuisance under Tulare Municipal Code § 4.36.010 *et seq.*, defining the removal procedure for abandoned, wrecked, dismantled, or inoperative vehicles. (*Id.*) On February 18, 2014, plaintiff delivered a letter to the police department, apparently challenging their authority under the Municipal Code to proceed in the manner indicated by their letters. (*Id.*)

Between January 8, 2014 and April 18, 2014, defendant Tulare County, through Richard Garcia, located defendant Action Towing Inc. and together "defendant(s)" conspired and trespassed on plaintiff's property for the purpose of taking plaintiff's property. (Id. at 9.) On April 18, 2014, defendants Richard Garcia, Greg Merrill, V. Medina, and no less than five other "unknown defendant(s) armed with weapons drawn and pointed at unarmed Plaintiff" arrived at plaintiff's address. (*Id.*) They handcuffed plaintiff and "forcibly put Plaintiff on the concrete." (*Id.*) "Other defendant(s) City employed agents broke into Plaintiff['s] house damaging the property of Plaintiff." (*Id.* at 7-8.) "Defendant(s) broke into and damage[d] Plaintiff['s] garage structure, equipment shed building, fence, and other property." (*Id.* at 8.) "The Defendant(s) and City employed contracted agents then took Plaintiff['s] property away without Plaintiff['s] consent or compensation." (*Id.*) Plaintiff generally contends that "defendant(s)" breached the boundary of the search warrant provided to him and dated April 11, 2014. (*Id.*) "Defendant(s)" further gave plaintiff a document informing him that he would need to vacate the premises. (*Id.*)

On April 22, 2014, the police department mailed plaintiff receipts for the property that had been seized, although plaintiff contends that not all the property seized was reflected on those receipts. On April 28, 2014, plaintiff received a notice from defendant Action Towing Inc.

4

regarding the placement of a lien on his vehicle(s).  Plaintiff returned the form, along with a statement in which plaintiff alleged that Action Towing Inc. owed him a number of fees, including a $1,400 per week rental fee for holding each of his vehicles and a $75,000 per vehicle charge if any of his property could not be returned.

On May 9, 2014, plaintiff filed a notice of tort claim with the City Clerk for Tulare.  On June 13, 2014, plaintiff sent defendant code enforcement officer Frank Furtaw an email requesting unspecified information, but received an automated "out of office" reply.  On July 10, 2014, plaintiff again sent an email to defendant Furtaw, but received a reply stating that Furtaw was no longer assigned to code enforcement.  Plaintiff sent Furtaw another email informing him that he would be named in plaintiff's lawsuit.  On July 20, 2014, plaintiff received a letter from defendant Garcia referring him to the Tulare County Superior Court.

On July 30, 2014, plaintiff emailed defendant city clerk Roxanne Yoder regarding information on how to sue the city.  The next day another city clerk, Lori Heeszel, responded.  On December 23, 2014, an unidentified police officer walked onto plaintiff's property.  Plaintiff asked him to leave, but the officer did not do so.  Over the following four months, plaintiff attempted to investigate the Tulare Police Department, first by filing a police report with the Tulare Police Department and later by calling the FBI.  Plaintiff filed his original complaint in this court on June 12, 2015.

**III.    Discussion**

**A.  First Claim: 42 U.S.C. § 1983**

As plaintiff has previously been advised, to state a cognizable claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); s*ee also Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980) (a plaintiff in a civil rights action must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.)  A plaintiff must also allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  *Iqbal*, 556 U.S. at 677 ("Because vicarious liability is

inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection alleged between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1975); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations, such as those made by plaintiff in his previously filed complaints in this action, are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Finally, to state such a claim the complaint must allege that every named defendant also acted with the requisite state of mind to violate the underlying constitutional provision. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012).

Below, the court will once again address the deficiencies of plaintiff's operative complaint before the court.

**1. Defendant Officers and City Officials in their Official Capacities**

As plaintiff has previously been advised, to state a cognizable claim against the defendant officers in their official capacities or, alternatively, against the City of Tulare, he must allege "that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" (Doc. Nos. 13 at 7 and 23 at 6) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).[2]

In his TAC plaintiff once again has failed to allege any facts explaining what role defendants David Macedo, Don Dorman, Roxanne Yoder (collectively, the "city officials"), Jerry Breckinridge, Greg Merrill, V. Medina, Rosa Moreno, James Ussery, Frank Furtaw, Richard

---

[2] *See also Ulrich v. City and Cnty. of S.F.*, 308 F.3d 968, 984–85 (9th Cir. 2002).

Garcia (collectively, the "officers") played, if any, in the alleged violation of his constitutional rights. (*See* Doc. Nos. 13 at 5 and 23 at 7) (advising plaintiff that he had failed to allege facts explaining the roles the named defendants had played with respect to the alleged violations of his constitutional rights). Instead, plaintiff once again merely alleges that city employees broke into his house, damaged property, and took away his property without compensation without ever specifically alleging what action or actions each of the named defendant engaged in. (Doc. Nos. 13 at 5; 23 at 7; 24 at 6–7.)

It is true that plaintiff has alleged that defendant Richard Garcia was the officer who cited him and was involved in the abatement action. (*See* Doc. No. 24 at 6.) It is also true that plaintiff now alleges that defendants Richard Garcia, Greg Merrill, and V. Medina and "no less than 5 other unknown defendant(s) armed with assault weapons drawn and pointed at unarmed Plaintiff [t]respassed on private property and forcibly put Plaintiff in handcuff[s] and forcibly put Plaintiff on the concrete." (*Id*. at 7.) However, such conclusory allegations are not sufficient to state a cognizable § 1983 claim. Indeed, plaintiff does not even allege what Richard Garcia, Greg Merrill, and V. Medina each did nor do his allegations make clear whether each of these three named defendants allegedly had assault weapons drawn and pointed at plaintiff. Accordingly, the allegations of the TAC fail to link the acts of any of the named defendants to the alleged constitutional violations. Furthermore, in his TAC plaintiff does not allege that the defendants acted with the requisite state of mind to violate plaintiff's constitutional rights. Finally, in his TAC plaintiff has failed to allege that the claimed constitutional violations resulting from the actions of any of these defendants, including the City of Tulare, were part of a "longstanding practice or custom," were acts which represented an official policy, or were carried out by an official who ratified the decision of a subordinate.

Accordingly, all of plaintiff's claims against defendants the City of Tulare, David Macedo, Don Dorman, Roxanne Yoder, Jerry Breckinridge, Greg Merrill, V. Medina, Rosa Moreno, James Ussery, Frank Furtaw, and Richard Garcia in their official capacity must be dismissed.

/////

**2. Defendant Officers and City Officials in their Individual Capacities**

In his TAC plaintiff has alleged at least two potential § 1983 claims against the defendant officers and city officials in their individual capacities. Below, the court will address these potential claims.

### *i. Illegal search and seizure*

"A warrant cannot pass constitutional muster if the scope of the related search or seizure exceeds that permitted by the terms of the validly issued warrant." *Pac. Marine Center, Inc. v. Silva*, 809 F. Supp. 2d 1266, 1280 (E.D. Cal. 2011) (quoting *Al-Kidd v. Ashcroft*, 598 F.3d 1123, 1134 n.3 (9th Cir. 2010)). "A valid warrant must describe particularly the places that officers may search and the types of items that they may seize." *Dawson v. City of Seattle*, 435 F.3d 1054, 1064 (9th Cir. 2006). "This requirement exists to prevent[ ] general, exploratory searches and indiscriminate rummaging through a person's belongings." *Id.* (quoting *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986) (internal quotations omitted)).

Here, plaintiff alleges in his TAC that, on April 18, 2014, "[o]ther defendant(s) City employed agents" broke into his house, damaged property, seized property without consent or compensation, and breached the boundary of an unlawful search warrant. (Doc. No. 24 at 7–8.) Plaintiff alleges that the "defendant(s) City employed agents" were acting under color of state law when they conducted the search. **(Id. at  .)**[3] While plaintiff has attached numerous exhibits to his complaint, the search warrant is not one of them. More importantly, as noted in the court's prior screening orders, "[p]laintiff has [again] not identified which officers were involved in the search." (Doc. Nos. 13 at 7 and 23 at 8.) Indeed, the court specifically advised plaintiff in its prior screening orders as follows:

> Plaintiff has named a number of defendants but has not explained how they are involved in the alleged constitutional violations. In amending his complaint, Plaintiff should explain how each defendant participated in the deprivation of his rights.

(Doc. Nos. 13 at 7 and 23 at 8.) Despite being specifically directed to do so, plaintiff has once

---

[3] This allegation is certainly plausible. See *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) ("State employment is generally sufficient to render the defendant a state actor") (quoting *West*, 487 U.S. at 48).

again failed to allege which of the defendants were involved in the search or how each defendant participated in that allegedly unlawful search. Accordingly, plaintiff has failed to plead a cognizable Fourth Amendment claim under § 1983 against any of the named defendants in their individual capacities.

### ii. Procedural due process

Plaintiff in his TAC, once again appears to be attempting to allege that his due process rights were violated because he was denied a hearing prior to or in connection with the seizure of his property. "To obtain relief on a procedural due process claim, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.'" *Stamas v. Cnty. of Madera*, 795 F. Supp. 2d 1047, 1077 (E.D. Cal. 2011) (quoting *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008)). "[P]rocedural due process claims do not 'deal with the substance of the challenged decisions, but with the process by which they were reached'." *Id.* (quoting *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1260 (9th Cir. 1994)). "The due process clause does not prohibit every deprivation by the state of an individual's property. Only those deprivations carried out without due process are actionable under 42 U.S.C. § 1983." *Halverson*, 42 F.3d at 1260. "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing *prior* to the deprivation of a significant property interest.'" *Id.*

In his TAC plaintiff alleges that "Defendant(s) and City employed contracted agents" took plaintiff's property without consent or compensation. (Doc. No. 24 at 8.) Although according to the allegations of the TAC the "city manager" appears to have provided plaintiff advance notice that his property would be seized, plaintiff alleges "Inside Rebuttal was their Hearing Request form. In which Plaintiff Requested to be heard in a State or County Court. . . . This court hearing was denied to Plaintiff by defendant(s)." (Doc. No. 24 at 6–7.) Thus, plaintiff alleges in conclusory fashion that he requested a hearing and that his request was denied. Plaintiff's allegations in this regard are, however, vague and insufficient. The court has previously advised plaintiff that "[i]n amending his complaint, Plaintiff should explain how each defendant participated in the deprivation of his rights." (Doc. Nos. 13 at 7 and 23 at 9.) Plaintiff has simply

failed to do so with respect to his due process claim yet again.

### 3. Remaining Defendants

Plaintiff has named several additional individuals as defendants in the caption of his TAC. However, in order to state a claim against these individuals plaintiff must allege facts demonstrating that each of these defendants personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 677. A complaint must be clear as to whom a plaintiff is suing and for what wrongs. *McHenry v. Renne,* 84 F.3d 1172, 1176 (9th Cir. 1996). A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *Id.* at 1180. Here, for instance, plaintiff has identified Action Towing Inc. and John Doe contractor in the heading of his TAC, but alleges in the body of the TAC only that Tulare County, through its employee Richard Garcia, "locate[d] a contractor defendant (Action towing INC.) and together defendant(s) conspired to and trespassed on Plaintiffs' property for the purpose of taking Plaintiffs' property." (Doc. No. 24 at 9.) Such conclusory allegations are not sufficient to state a cognizable claim. Plaintiff has not alleged specific facts in the body of the TAC tying Action Towing Inc. or John Doe contractor to any constitutional violation alleged. In the absence of factual allegations tying these potential defendants to any wrongdoing alleged, the court must dismiss plaintiff's claims against these remaining potential defendants identified only in the caption of plaintiff's TAC.

Finally, the court notes that plaintiff was previously advised that he should "carefully consider which [d]efendants were actually involved in the sequence of events he alleges, as he can only pursue relief against those specific individuals." (Doc. Nos. 13 at 9 and 23 at 10.) In identifying these additional individuals and entities as defendants in the caption of his TAC with no factual allegations relating to them in the body of the TAC, plaintiff has ignored the direction provided by the court in its previous orders.

### IV. Leave To Amend

The undersigned has carefully considered whether plaintiff could amend his TAC to remedy the defects noted above with respect to his attempted § 1983 claims against the named defendants. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice,

10

and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir.1988). *See also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, plaintiff has been advised by the court in three prior screening orders of the deficiencies of his allegations. (Doc. Nos. 11 at 3–5; 13 at 5; 23 at 5–10.) In addition, plaintiff has been provided guidance by the court in those orders as to what was required to cure the noted deficiencies. (*Id*.) Plaintiff has failed to correct those deficiencies despite being provided three opportunities to do so. Moreover, the TAC before the court now is essentially the same as the complaints addressed by the court in the prior screening orders. (Doc. Nos. 12; 15; 24.) In the last screening order, the court specifically warned plaintiff that it was granting "one final opportunity [for plaintiff] to amend his complaint." (Doc. No. 23 at 12.) The court can only conclude at this point that allowing further amendments would be futile. Accordingly, plaintiff's TAC will be dismissed without further leave to amend.

**V.     Conclusion**

For all of the reasons set forth above:

1. Plaintiff's third amended complaint (Doc. No. 24) is dismissed without leave to amend due to plaintiff's failure to state a cognizable claim;
2. Plaintiff's motion for entrance of amended complaint (Doc. No. 25) is dismissed as having been rendered moot by this order; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 4, 2016**                              /s/ Dale A. Drozd
                                                           UNITED STATES DISTRICT JUDGE